UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PROFESSIONAL SPORT SERVICE FI OY,

                       Petitioner,

v.

PUCK AGENCY, LLC; JMG SPORTS AGENCY INC.,

                       Respondents.

No. 24-CV-2022 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

    Petitioner has filed a petition to confirm an arbitration award, rendered by a Finnish arbitrator in January 2024. (*See* Dkt. No. 6.) As explained below, the Court grants that petition.

    "The Federal Arbitration Act [("FAA")] creates a 'body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.'" *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1198 (2d Cir. 1996) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). The New York Convention (the "Convention") is enforced in the United States through Chapter 2 of the FAA. 9 U.S.C. § 201 et seq. The United States and the Finland are signatories to the Convention.

    The Convention "appl[ies] to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought, and arising out of differences between persons, whether physical or legal," as well as "to arbitral awards not considered as domestic awards in the State where their recognition and enforcement are sought." New York Convention, art. I(1). In implementing the Convention, the FAA likewise provides that the Convention applies to "[a]n arbitration agreement or arbitral

award arising out of a legal relationship, whether contractual or not, which is considered as commercial . . . ." 9 U.S.C. § 202.

There are four basic requirements for enforcement of arbitration agreements under the Convention: "(1) there must be a written agreement; (2) it must provide for arbitration in the territory of a signatory of the [C]onvention; (3) the subject matter must be commercial; and (4) it cannot be entirely domestic in scope." *Drip Cap., Inc. v. M/S. Goodwill Apparels*, 665 F. Supp. 3d 511, 518 (S.D.N.Y. 2023) (citing *Dumitru v. Princess Cruise Lines, Ltd.*, 732 F. Supp. 2d 328, 335 (S.D.N.Y. 2010)).  Here, the July 2012 agreement between the Parties: is written; provides for arbitration in Finland; concerns the payment of ongoing commissions, fees, and costs related to certain Finnish professional ice-hockey players playing in the National Hockey League; and, by design, implicates both the United States and Finland.  (*See generally* Dkt. No. 16-1.)

With respect to confirmation, a district court shall confirm an arbitration award "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in" the Convention.  9 U.S.C. § 207.  "Article V of the Convention specifies seven exclusive grounds upon which courts may refuse to recognize an award." *Temsa Ulasim Araclari Sanayi v. Ticaret A.S.*, No. 22-CV-492, 2022 WL 3974437, at *3 (S.D.N.Y. Sept. 1, 2022).  Those seven grounds are:  (1) "The parties to the agreement . . . were . . . under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it"; (2) "The party against whom the award is invoked was not given proper notice . . . of the arbitration proceedings or was otherwise unable to present his case"; (3) "The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration"; (4) "The

composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place"; (5) "The award has not yet become binding on the parties, or has been set aside or suspended"; (6) "The subject matter of the difference is not capable of settlement by arbitration under the law of [the country where recognition and enforcement is sought]"; or (7) "The recognition or enforcement of the award would be contrary to the public policy of [the country where recognition and enforcement is sought]." New York Convention, art. V.

The party opposing enforcement has the burden to prove that any one of those seven grounds applies. *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005). Confirmation under the Convention is a "summary proceeding in nature, which is not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm." *Zeiler v. Deitsch*, 500 F.3d 157, 164 (2d Cir. 2007). Courts are "extremely deferential to the findings of the arbitration panel." *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 809 (2d Cir. 2022) (citing *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007)); *see Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013) ("The role of a district court in reviewing an arbitration award is 'narrowly limited' and 'arbitration panel determinations are generally accorded great deference under the [Federal Arbitration Act]' . . . [,] [which] promotes the 'twin goals of arbitration, namely settling disputes efficiently and avoiding long and expensive litigation.'" (internal citations omitted)). "[A] district court must enforce an arbitral award unless a litigant satisfies one of the seven enumerated defenses [under the Convention]; if one of the defenses is

3

established, the district court may choose to refuse recognition of the award." *Corporación Mexicana de Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploración y Producción*, 832 F.3d 92, 106 (2d Cir. 2016).

Respondents have failed to appear in this action, have not asserted any defenses against enforcement of the arbitration, and, therefore, have not disputed any of Petitioners' factual assertions. (*See generally* Dkt.; *see also* Cert. of Default (Dkt. No. 24).) The Finnish arbitrator assessed the merits of Petitioner's evidence and reasonably concluded that Respondents are jointly and severally liable for: (1) the payment of all amounts awarded to Petitioner in a prior 2018 Finnish arbitration; and (2) the payment of all amounts awarded to Petitioner on its more-recently accrued claims against Respondents. (*See generally* Dkt. No. 16-2.) *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) ("The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" (internal citation omitted)). The undisputed evidence demonstrates that no material issue of fact remains. In light of the deferential standard here, the Court confirms the arbitration award in full.

Finally, having reviewed Petitioner's Proposed Judgment, (*see* Dkt. No. 25-1), the Court directs Petitioner to submit an updated Proposed Judgment, which sets forth in greater detail how it arrived at its asserted costs associated with the Second Arbitration Award, (*see id.* ¶¶ 2.b.vi–vii).

The Clerk of Court is respectfully directed to terminate all pending motion flags. (*See* Dkt. Nos. 14, 25.)

SO ORDERED.

Dated: May 20, 2024
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge